FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JUN 16 AM 9:18
CLERK R. Auer
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JIMMY LEE JONES,

    Plaintiff,

v.

DAVID L. CAVENDER; JAY STEWART;
CHARLES MOYE, JR.; BESSENNETTA
TIPTON LANE; JANET F. KING; and
FNU NEWKIRK,

    Defendants.

CIVIL ACTION NO.: CV611-046

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that Defendant David Cavender, a Tattnall County Superior Court judge, conspired with the other named Defendants to deprive him of the right to access the courts. It appears that Plaintiff asserts that he has not been able to present his claims pursuant to a state habeas corpus petition.

Plaintiff names as Defendants Judges David Cavender, Jay Stewart, Bessennetta Tipton Lane, FNU Newkirk, and Janet F. King. Congress did not abrogate the doctrine of judicial immunity when it enacted section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Stump v.

Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in § 1983 actions); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris, 780 F.2d at 914 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916. Plaintiff has failed to make any plausible allegations which would indicate Defendants Cavender, Stewart, Lane, Newkirk, or King acted in the clear absence of jurisdiction.

In addition, it seems that Plaintiff has available to him the option of filing a writ of mandamus with the Georgia Supreme Court. The Georgia Supreme Court has the authority "[t]o grant any writ necessary to carry out any purpose of its organization or to compel any inferior tribunal or officers thereof to obey its order." O.C.G.A. § 15-2-8(3). There is no evidence Plaintiff has pursued this option.

Moreover, a conspiracy "to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that defendants "reached an understanding to violate [his] rights."' Id. (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988)). As Plaintiff has failed to make this showing, his conspiracy claim should be dismissed.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 16th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE